# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASMINE MONIQUE GONZALES,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF MADERA,<br><br>Defendant. | Case No. 1:19-cv-01128-SAB<br><br>ORDER GRANTING PETITION FOR APPOINTMENT OF GUARDIAN AD LITEM<br><br>(ECF No. 21) |

On August 13, 2020, a petition for appointment of Paul Rosas Gonzales, as a guardian ad litem for Jasmine M. Gonzales ("Plaintiff"), a minor. Mr. Gonzales is the father of Plaintiff.

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of an incompetent person may sue or defend on the incompetent person's behalf. Fed. R. Civ. P. 17(c). This requires the Court to take whatever measures it deems appropriate to protect the interests of the individual during the litigation. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash., 795 F.2d 796, 805 (9th Cir. 1986). The appointment of the guardian ad litem is more than a mere formality. Id. "A guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation." Id. A guardian ad litem need not possess any special qualifications, but he must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." AT&T Mobility, LLC v. Yeager, 143 F.Supp.3d 1042, 9 (E.D. Cal. 2015). This means that the guardian ad litem cannot

face an impermissible conflict of interest with the ward and courts consider the candidate's "experience, objectivity, and expertise" or previous relationship with the ward. Id. (citations omitted).

"[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." Gonzalez v. Reno, 86 F.Supp.2d 1167, 1185 (S.D. Fla.), aff'd sub nom. Gonzalez v. Reno, 212 F.3d 1338 (11th Cir. 2000). While a parent is generally appointed as a guardian ad litem, there are situations where the best interests of the minor and the interests of the parent conflict. Anthem Life Ins. Co. v. Olguin, No. 1:06-CV-01165 AWINEW, 2007 WL 1390672, at *2 (E.D. Cal. May 9, 2007). Therefore, a parent is not entitled as a matter of right to act as guardian ad litem for the child. Id., at *2.

The Court has considered the petition of Paul Rosas Gonzales for appointment as guardian ad litem for Jasmine M. Gonzales who is the plaintiff in this action and finds that no conflict that would preclude him serving as a guardian ad litem for Paul Rosas Gonzales. The Court finds that the appointment is both necessary and appropriate.

Accordingly, IT IS HEREBY ORDERED, that Paul Rosas Gonzales is appointed as Guardian Ad Litem for Jasmine M. Gonzales.

IT IS SO ORDERED.

Dated:   **August 13, 2020**

_____
UNITED STATES MAGISTRATE JUDGE